THOMAS J. KLINE, INC.

v.

LORILLARD, INC.

Civ. No. S 86–1088.

United States District Court,
D. Maryland.

Oct. 6, 1987.

Louis G. Price, Melnicove, Kaufman, Weiner, Smouse & Garbis, Baltimore, Md., for plaintiff.

Fenton L. Martin, Whiteford, Taylor & Preston, Baltimore, Md., James R. Chason, Whiteford, Taylor & Preston, Towson, Md., for defendant.

## MEMORANDUM, ORDER, AND CERTIFICATION UNDER FED.R.CIV.P. 54(b)

SMALKIN, District Judge.

On September 23, 1987, the jury in this case returned a verdict for the plaintiff and against the defendant in the amounts of $1,000,000 on the contract claim and $526,733 on the antitrust claims. The parties dispute the amount that should be entered as judgment. The defendants first argue that the damage awards are inconsistent, requiring a new trial on the issue of damages. Defendant cites two cases on this point, *Weingart v. Allen & O'Hara, Inc.*, 654 F.2d 1096 (5th Cir.1981); and *Wickham Contracting Co. v. Board of Education*, 715 F.2d 21 (2d Cir.1983).

In *Weingart*, the Fifth Circuit upheld the trial court's grant of a new trial where the damage awards for compensatory damages for breach of contract and fraud were hopelessly inconsistent with the evidence. *Id.* at 1106. In that case, as here, the plaintiff had claimed the same damages for both of the claims. There, however, the jury charges and the interrogatories were identical, yet the jury awarded $28,000 for breach of contract and over $200,000 for fraud. In this case, the jury charges were not identical. The antitrust instructions centered only around lost profits, considering the profits before the violation as compared to the profits after the violation (*see* Court's Instruction No. 38), whereas the contract damages instruction contemplated lost profits plus "any loss resulting from the the general or particular requirements and needs of which the defendant had reason to know at the time of contracting and which the plaintiff could not reasonably prevent." (Court's Instruction No. 28).

In *Wickham*, the district court had erred by adding the two awards together after trebling the antitrust award. 715 F.2d at 28. Also, there the Section 303 damage award was for the amount of $959,000, an amount greatly in excess of any damages for which the Second Circuit could find support in the record.

In this case, the plaintiff's expert accountant calculated a damage estimate at approximately $1,500,000. The contract and antitrust awards are each well within the expert's estimate. Any inconsistency in the awards would seem to be in the defendant's favor. (Additionally, the defendant did not object to the awards as inconsistent at a time when additional inquiries could have been made. The Court utilized the mechanism of Fed.R.Civ.P. 49(b), and inconsistencies could have been resolved by resubmission.) In any event, the Court will not now withhold entry of judgment on the verdict on the basis of alleged inconsistency.

Turning to the issue of the amount of the judgment to be entered, both parties agree that the plaintiff should not be doubly compensated for the same element of compensatory damage. The plaintiff argues that the higher amount of $1,000,000 should be entered as compensatory damages, and that in addition, twice the antitrust award should be entered as an award in the nature of punitive damages. The

Court agrees. The trebled antitrust damages provided for in the statutes provide for both compensatory and punitive damages. *SuperTurf, Inc. v. Monsanto Co.*, 660 F.2d 1275, 1283 (8th Cir.1981); *Natural Design, Inc. v. Rouse Co.*, 302 Md. 47, 76, 485 A.2d 663, 678 (1984). The compensatory portion of the antitrust award is the amount of damages found by the jury to have resulted from the antitrust activity. The award is then trebled. Of the result, two-thirds is punitive in nature. Therefore, an award of compensatory damages on both counts and punitive damages with treble antitrust damages would be duplicative. *SuperTurf, Inc.*, 660 F.2d at 1284. However, this Court sees nothing wrong with awarding the plaintiff the higher of the two awards of compensatory damages, along with the punitive damages part of the antitrust award. Therefore, a judgment of $2,053,466.00, representing $1,000,000 plus $1,053,466.00 ($526,733.00 × 2), will be entered by separate order.

The defendant claims that no money judgment should be entered now because the Court has not yet entered an injunction pursuant to 15 U.S.C. § 26, which was requested as antitrust relief. Thus, defendant argues, there are still unadjudicated claims for relief that preclude the entry of a Rule 58 judgment, pursuant to the terms of Rule 54. This may be true, and the Court will deal with those issues, if any, at an appropriate time, based on the record of the jury trial, supplemented if and as necessary. *See Florists' Nationwide Tel. Del. Net. v. Florists' Tel. Del. Ass'n*, 371 F.2d 263, 271 (7th Cir.1967). The Court is not convinced that the demand for injunctive relief is itself a "claim for relief" in the Rule 54 sense, because it does not arise from a separate set of facts, but, out of an abundance of caution, it has decided to enter a money judgment under the provision of Rule 54(b). The Court now makes an express determination that there is no just reason for delay, because there are no issues connected with injunctive relief that ought to delay plaintiff's ability to have the jury's verdict reduced to judgment, and it expressly directs the entry of final judgment in the amount of $2,053,466.00 for the plaintiff and against the defendant on the claims for monetary damages, with interest and costs.

### JUDGMENT ORDER

In accordance with the foregoing Memorandum, IT IS, this 6th day of October, 1987, by the United States District Court for the District of Maryland, ORDERED:

1. That, for the reasons stated in the foregoing Memorandum, the Court expressly determines that there is no just reason for delay in entering final judgment pursuant to Fed.R.Civ.P. 54(b) on the jury's verdict on plaintiff's claims for monetary damages for breach of contract and antitrust violations, in the amount of $2,053,466.00;

2. That the Court expressly directs pursuant to Fed.R.Civ.P. 54(b) that final judgment BE, and the same hereby IS, ENTERED on the plaintiff's claims for monetary damages, in favor of the plaintiff and against the defendant, in the amount of $2,053,466.00, together with interest and costs; and

3. That the Clerk of Court mail a copy of this Order and of the foregoing Memorandum to counsel for the parties.